JANET M. HEROLD, Regional Solicitor
California State Bar Number 186419
DANIELLE L. JABERG, Counsel for ERISA
California State Bar No. 256653
KATHERINE M. KASAMEYER, Trial Attorney
California State Bar No. 261820
Email: Kasameyer.katherine@dol.gov
United States Department of Labor
Office of the Solicitor
90 7th Street Suite 3-700
San Francisco CA 94103
Telephone: (415) 625-7742
Facsimile: (415) 625-7764

JS-6

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor, United States
Department of Labor

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>         Plaintiff,<br>   vs.<br><br>G&H TECHNOLOGY INC. 401(K) RETIREMENT SAVINGS PLAN, an employee benefit plan; LEE SCHUH, an individual; CARL WEISS, an individual; XAF, INC., A Delaware Corporation; PROCYON TECHNOLOGIES, INC., A Delaware Corporation,<br><br>         Defendants. | Case No. 2:15-cv-00391-ODW-AGR<br><br>[~~PROPOSED~~] CONSENT JUDGMENT & ORDER ENTERED INTO BY THE SECRETARY OF LABOR and CARL WEISS |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") pursuant to his authority under §§

502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendant XAF, Inc. ("XAF"). The Secretary also named as parties under Rule 19(a) the G&H Technology Inc. 401(k) Retirement Savings Plan ("Plan"), an employee benefit plan, Lee Schuh, Carl Weiss ("Weiss"), and Procyon Technologies, Inc..

    A.    The Secretary and Weiss (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

    B.    The parties agree to the entry of this Consent Judgment & Order.  The parties further agree that this Consent Judgment & Order shall bind the Secretary and Weiss as to all claims of the Secretary asserted in the Complaint filed in this matter.

    C.    The Secretary and Weiss expressly waive Findings of Fact and Conclusions of Law.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

1. Weiss has no objection to the Court's granting of the Motion for Default Judgment filed by the Secretary of Labor against Defendant XAF; to the removal of XAF from its position as fiduciary of the Plan; and to the appointment of Thomas A. Dillon, Esq., of 851 Burlway Road, Suite 216, Burlingame, CA, 94010, as the Independent Fiduciary who:

    a.    Will be responsible for collecting, marshalling, paying out, and administering all of the assets of the Plan and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all Eligible Plan Participants and Beneficiaries;

    b.    Shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2014-01, exercise

1 | reasonable care and diligence to identify and locate each participant and
2 | beneficiary of Plan who is eligible to receive a distribution under the terms of the
3 | Plan;
4 |       c. Shall have all the rights, duties, discretion, and responsibilities
5 | of a trustee, fiduciary, and Plan Administrator under ERISA;
6 |       d. Is authorized to delegate or assign fiduciary duties as
7 | appropriate and allowed under the law and may retain such as assistance as she
8 | may require, including attorneys, accountants, actuaries, and other service
9 | providers;
10 |       e. Shall be authorized by the Court to receive up to $2,600.00 in
11 | reasonable fees and expenses, payable from the assets of the Plan;
12 |       f. Shall have full access to all data, information, and calculations
13 | in the possession of the Plan and under its control, including information and
14 | records maintained by the custodial trustees or service providers of the Plan;
15 |       g. Shall provide any information regarding the Plan requested by
16 | the Secretary, including any documents or records requested, regarding the
17 | administration of the Plan;
18 |       h. Is authorized to give instructions respecting the disposition of
19 | assets of the Plan; and
20 |       i. Shall comply with all applicable rules and laws.
21 |    2. Upon the appointment of the Independent Fiduciary as described in
22 | paragraph 1, Defendant Weiss will be hereby removed from any position he may
23 | hold as trustee or other fiduciary of the Plan.
24 |    3. Defendant Weiss has no objection to the removal, upon consent
25 | judgment or motion by the Secretary, of Lee Schuh from any position he may now
26 | hold as a trustee, fiduciary and/or administrator to the Plan.
27 |    4. Defendant Weiss has no objection to the removal, upon consent
28 | judgment or motion by the Secretary, of Procyon Technologies, Inc. from any

1. position it may now hold as a trustee, fiduciary and/or administrator to the Plan.

5. The Secretary and Defendant Weiss shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

6. Defendant Weiss expressly waives any and all claims of any nature which he has or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

7. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

8. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

9. This Consent Judgment & Order may be executed in counterparts, and such counterparts may be transmitted via facsimile and/or e-mail, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment & Order as a final order.

**IT IS SO ORDERED.**

Dated: June 24, 2015

UNITED STATES DISTRICT JUDGE

Dated: 4/9/15, 2015

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

*(signature)*

KATHERINE M. KASAMEYER
Trial Attorney

Attorneys for the Plaintiff

Defendant consents to the entry of this Consent Judgment.

Dated: 4/8/15

*(signature)*

BRADLEY E. JEWETT, Esq.
Sanders Roberts & Jewett LLP
Attorneys for Carl Weiss

Dated: 4/3/15

*(signature)*

CARL WEISS, an individual