1 | JANET M. HEROLD, Regional Solicitor
California State Bar Number 186419
2 | DANIELLE L. JABERG, Counsel for ERISA
California State Bar No. 256653
3 | KATHERINE M. KASAMEYER, Trial Attorney
California State Bar No. 261820
4 | Email:  Kasameyer.katherine@dol.gov
United States Department of Labor
5 | Office of the Solicitor
90 7th Street Suite 3-700
6 | San Francisco CA 94103
Telephone:  (415) 625-7742
7 | Facsimile:  (415) 625-7764
8 |
Attorneys for Plaintiff, Thomas E. Perez,
9 | Secretary of Labor, United States
Department of Labor
10 |
CASE CLOSED
11 |
UNITED STATES DISTRICT COURT
12 |
CENTRAL DISTRICT OF CALIFORNIA
13 |

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br> vs.<br><br>G&H TECHNOLOGY INC. 401(K) RETIREMENT SAVINGS PLAN, an employee benefit plan; LEE SCHUH, an individual; CARL WEISS, an individual; XAF, INC., A Delaware Corporation; PROCYON TECHNOLOGIES, INC., A Delaware Corporation,<br><br>        Defendants. | Case No.  2:15-cv-00391-ODW-AGR<br><br>CONSENT JUDGMENT & ORDER ENTERED INTO BY THE SECRETARY OF LABOR and LEE SCHUH |

        Plaintiff THOMAS E. PEREZ, Secretary of Labor, UNITED STATES

DEPARTMENT OF LABOR ("Secretary") pursuant to his authority under §§

502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendant XAF, Inc. ("XAF"). The Secretary also named as parties under Rule 19(a) the G&H Technology Inc. 401(k) Retirement Savings Plan ("Plan"), an employee benefit plan, Lee Schuh ("Schuh"), Carl Weiss, and Procyon Technologies, Inc..

A.      The Secretary and Schuh (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B.      The parties agree to the entry of this Consent Judgment & Order.  The parties further agree that this Consent Judgment & Order shall bind the Secretary and Schuh as to all claims of the Secretary asserted in the Complaint filed in this matter.

C.      The Secretary and Schuh expressly waive Findings of Fact and Conclusions of Law.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

1.      Schuh has no objection to the Court's granting of the Motion for Default Judgment filed by the Secretary of Labor against Defendant XAF; to the removal of XAF from its position as fiduciary of the Plan; and to the appointment of Thomas A. Dillon, Esq., of 851 Burlway Road, Suite 216, Burlingame, CA, 94010, as the Independent Fiduciary who:

a.      Will be responsible for collecting, marshalling, paying out, and administering all of the assets of the Plan and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all Eligible Plan Participants and Beneficiaries;

b.      Shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2014-01, exercise

1  reasonable care and diligence to identify and locate each participant and

2  beneficiary of Plan who is eligible to receive a distribution under the terms of the

3  Plan;

4         c.      Shall have all the rights, duties, discretion, and responsibilities

5  of a trustee, fiduciary, and Plan Administrator under ERISA;

6         d.      Is authorized to delegate or assign fiduciary duties as

7  appropriate and allowed under the law and may retain such as assistance as she

8  may require, including attorneys, accountants, actuaries, and other service

9  providers;

10        e.      Shall be authorized by the Court to receive up to $2,600.00 in

11  reasonable fees and expenses,  payable from the assets of the Plan;

12        f.      Shall have full access to all data, information, and calculations

13  in the possession of the Plan and under its control, including information and

14  records maintained by the custodial trustees or service providers of the Plan;

15        g.      Shall provide any information regarding the Plan requested by

16  the Secretary, including any documents or records requested, regarding the

17  administration of the Plan;

18        h.      Is authorized to give instructions respecting the disposition of

19  assets of the Plan; and

20        i.      Shall comply with all applicable rules and laws.

21    2.      Upon the appointment of the Independent Fiduciary as described in

22  paragraph 1, Defendant Schuh will be hereby removed from any position he may

23  hold as trustee or other fiduciary of the Plan.

24    3.      Defendant Schuh has no objection to the removal, upon consent

25  judgment or motion by the Secretary, of Carl Weiss from any position he may now

26  hold as a trustee, fiduciary and/or administrator to the Plan.

27    4.      Defendant Schuh has no objection to the removal, upon consent

28  judgment or motion by the Secretary, of Procyon Technologies, Inc. from any

1    position it may now hold as a trustee, fiduciary and/or administrator to the Plan.

2         5.      The Secretary and Defendant Schuh shall each bear their own costs,

3 expenses, and attorneys' fees incurred to date in connection with any stage of this

4 proceeding, including but not limited to attorneys' fees which may be available

5 under the Equal Access to Justice Act, as amended.

6         6.      Defendant Schuh expressly waives any and all claims of any nature

7 which he has or may have against the Secretary, the Department of Labor, or any

8 of its officers, agents, attorneys, employees or representatives, arising out of or in

9 connection with the allegations contained in the Complaint on file in this action,

10 any other proceedings or investigation incident thereto or based on the Equal

11 Access to Justice Act, as amended.

12         7.      This Court retains jurisdiction of this action for purposes of enforcing

13 compliance with the terms of this Consent Judgment & Order.

14         8.      By signing their names to this Consent Judgment & Order, the parties

15 represent that they are informed and understand the effect and purpose of this

16 Consent Judgment & Order.

17         9.      This Consent Judgment & Order may be executed in counterparts,

18 each of which shall be deemed to be an original, but all of which, taken together,

19 shall constitute one and the same instrument.

20       The Court directs the entry of this Consent Judgment & Order as a final

21 order.

22      **IT IS SO ORDERED.**

23

24 Dated: July 25, 2015          _____

25                              UNITED STATES DISTRICT JUDGE

26

27

28

1

2       Dated:March 18, 2015                M. PATRICIA SMITH
                                            Solicitor of Labor
3
                                            JANET M. HEROLD
4                                           Regional Solicitor

5                                           DANIELLE L. JABERG
                                            Counsel for ERISA
6

7
                                            /s/ Katherine M. Kasameyer
8                                           KATHERINE M. KASAMEYER
                                             Trial Attorney
9

10                                          Attorneys for the Plaintiff

11      Defendant consents to the entry of this Consent Judgment.

12

13

14      Dated: 3/18/15                      _____
                                                   LEE SCHUH, an individual
15

16

17

18

19

20

21

22

23

24

25

26

27

28